IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KELVIN L. WASHINGTON,            )
                                 )
        Petitioner,               )
                                 )
    v.                            )    1:11-CV-764
                                 )
JOSEPH B. HALL,                   )
                                 )
        Respondent.               )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

In 2010, a Forsyth County, North Carolina, jury found petitioner Kelvin L. Washington guilty of felony cocaine possession, possession of drug paraphernalia, and being a habitual felon. (Doc. 1 at 1; Doc. 1-1 at 14.)[1] Mr. Washington was sentenced to a term of seventy-two to ninety-six months' imprisonment. (*Id.*) On appeal, the North Carolina Court of Appeals affirmed. *State v. Washington*, No. COA10-960, 2011 N.C. App. LEXIS 468 (Mar. 15, 2011). After unsuccessfully seeking post-conviction relief in state court, (*see* Doc. 1-1 at 1), Mr. Washington filed this petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent has moved for summary judgment. (Doc. 9.)

The North Carolina Court of Appeals summarized the evidence presented at Mr. Washington's trial:

> On 5 October 2008, Winston-Salem Police Detective M.J. Snow was working as a patrol officer when he arrived at the scene of a traffic accident. TieTonya Long, the driver of one of the cars, appeared nervous and was shaking. Ms. Long told Det. Snow that her boyfriend had rented the car she was driving and they were

---

[1] Document citations refer to the Court's electronic docket and to the ECF page numbers.

staying at a nearby hotel. Det. Snow determined that Ms. Long's driver's license was suspended, and he detected the odor of marijuana coming from her car. Ms. Long could only identify her boyfriend by the nickname "Moo Moo." Det. Snow ran a check on that nickname, found it linked to Defendant and discovered two outstanding warrants for Defendant's arrest. At Ms. Long's request, Det. Snow gave her a ride back to her hotel. Two other officers met Det. Snow there to arrest Defendant on the outstanding warrants. Ms. Long did not have a key to the hotel room with her, so she knocked on the door and Defendant answered.

As the officers entered the hotel room to arrest him, Det. Snow noticed a pair of black pants on the bed near Defendant. With Ms. Long's consent, the officers searched the room. When Officer Amanda Jordan picked up the pair of black pants, Defendant said, "[T]hose are mine." Officer Jordan found several empty plastic bags, a digital scale, and white powder in another plastic bag in the pants. Field testing indicated that the white powder was cocaine, and subsequent lab testing confirmed that it was 6.6 grams of cocaine. When the officers searched the rest of the room, they also found a crack pipe. Ms. Long became upset when the officers took Defendant into custody and claimed the items seized belonged to her. The officers also arrested Ms. Long.

At trial, Ms. Long testified for the State. When the prosecutor asked Ms. Long how she met Defendant, she explained, "My neighborhood. I stay in Cleveland and I met him. He was on 17th Street one day. It was like around summertime, I think. Mr. Washington had just got out of jail." Defendant did not object. Ms. Long further testified that she and Defendant used cocaine supplied by Defendant together and that, on the day of their arrests, she had left the hotel room to get cigar tubes to smoke marijuana with him. Ms. Long also claimed that the black pants in which officers found the cocaine and paraphernalia belonged to Defendant. She explained that she told the officers the items seized belonged to her because she felt guilty for bringing the police back to the hotel room.

*Washington*, 2011 N.C. App. LEXIS 468, at *1-*3.

Mr. Washington alleges the following grounds for relief in his § 2254 petition: (1) the State presented perjured testimony at his trial; (2) there was insufficient evidence to support his convictions for felony possession of cocaine and possession of drug paraphernalia; and (3) counsel rendered ineffective assistance by failing to raise these issues.

Generally, federal review of a state habeas petitioner's claims is limited in scope, as the Antiterrorism and Effective Death Penalty Act provides that "state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, ___ U.S.

2

___, ___, 131 S. Ct. 770, 787 (2011). A federal court will grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *Harrington*, ___ U.S. at ___, 131 S. Ct. at 783-84; *Richardson v. Branker*, 668 F.3d 128, 138 (4th Cir.), *cert. denied*, 133 S. Ct. 441 (2012). However, if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits," the court will review the petitioner's legal claims de novo. *Weeks v. Angelone*, 176 F.3d 249, 258 (4th Cir. 1999); *see* Doc. 7 at 3-4 (declining to dispose of petition on exhaustion grounds where Mr. Washington presented his claims on state habeas but they were rejected administratively).

Even reviewing Mr. Washington's claims de novo, Respondent is entitled to summary judgment. First, Mr. Washington contends that the testimony of Ms. Long, Detective Snow, and Detective Jordan was perjured. In support, he points to many inconsistencies between Ms. Long's original statements to the police and her trial testimony and to inconsistent testimony between the two law enforcement officers about where the pants were located in the hotel room.

It is a violation of due process for the prosecution to knowingly present perjured testimony, if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976). However, "[a] defendant seeking to vacate a conviction based on perjured testimony must show that the testimony was, indeed, perjured. Mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 971 (4th Cir. 1987) (internal citation omitted). Here, Mr. Washington has done no more than point to inconsistent testimony. There is no evidence that the testimony of any of the

3

three witnesses was perjured, much less that the prosecution knew it was perjured. The inconsistent testimony was fully presented to the jury, and it was the jury's job to decide what the credible evidence was. *See McFowler v. Jaimet*, 349 F.3d 436, 456 (7th Cir. 2003); *United States v. Burgos*, 94 F.3d 849, 962-63 (4th Cir. 1996).

Nor has Mr. Washington met the *Strickland* test[2] to show that counsel rendered ineffective assistance by failing to object to the testimony of these three witnesses due to the inconsistencies and to raise the perjury issue on appeal. The three witnesses were eyewitnesses to the various events at issue, and any objection based on inconsistencies would have been overruled. *See State v. Rowsey*, 343 N.C. 603, 616-617, 472 S.E.2d 903, 909-10 (1996) (holding that inconsistencies in testimony are relevant to credibility); *State v. Robbins*, 319 N.C. 465, 514, 356 S.E.2d 279, 308 (1987). Trial counsel asked a number of questions to make sure the jury knew about the falsehoods Ms. Long had told. (*See* Doc. 10-9 at 22-25, 30, 49, 75-77.) Counsel similarly asked questions to point out the inconsistencies between the officers' testimony about the location of the pants. (*Id*. at 28-29, 46-48.) Trial counsel's performance was not deficient and Mr. Washington was not prejudiced by the failure to object. Any argument on appeal would have been similarly unsuccessful, so appellate counsel's performance was not deficient, and Mr. Washington was not prejudiced by the failure to raise the issue on appeal.

Mr. Washington's second contention is that there was insufficient evidence to support his conviction for felony possession of cocaine and possession of drug paraphernalia and that

---

[2] To establish ineffective assistance of counsel, a petitioner must first show that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Padilla v. Kentucky*, 559 U.S. 356, ___, 130 S. Ct. 1473, 1482 (2010).

appellate counsel was ineffective for failing to raise this argument on appeal. In examining a claim of insufficiency of the evidence on federal habeas review, courts ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wilson v. Greene*, 155 F.3d 396, 405-06 (4th Cir. 1998).

There was more than sufficient evidence to support Mr. Washington's convictions. Law enforcement officers found cocaine, plastic bags, and digital scales in a pair of men's pants located in a hotel room of which Mr. Washington was the sole male occupant, and Mr. Washington told the officers the pants were his. (Doc. 10-9 at 19-20.) This evidence is more than adequate to prove Mr. Washington's guilt. *See State v. Burnette*, 158 N.C. App. 716, 720, 582 S.E.2d 339, 342 (2003) (stating elements of felony possession of cocaine); *State v. Hedgecoe*, 106 N.C. App. 157, 163, 415 S.E.2d 777, 781 (listing elements of possession of drug paraphernalia). Any argument on appeal concerning sufficiency of the evidence would have been unsuccessful, so appellate counsel's performance was not deficient, and Mr. Washington was not prejudiced by counsel's failure to raise the issue on appeal.

For these reasons, it is **ORDERED** that the State's Motion for Summary Judgment, (Doc. 9), is **GRANTED** and the petition is **DISMISSED**.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting Mr. Washington's convictions, nor a debatable procedural ruling, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Habeas Corpus Rule 11(a).

This the 26th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE